COMMONWEALTH *vs.* ALFRED PILLSBURY & another.

An agent appointed by a city or town to purchase and sell intoxicating liquors, under *St.* 1855, c. 215, § 5, has no authority to act until he has given the bond and received the certificate required by § 8.

The provision of *St.* 1855, c. 215, § 34, that, in all cases under this act, delivery of intoxicating liquor in or from any building other than a dwelling-house shall be deemed *prima facie* evidence of a sale, and be punishable as such sale, extends to a prosecution on § 17 for being a common seller; and a person indicted as such has no ground of exception to an instruction that such delivery is *prima facie* evidence, but not conclusive, and that if in the opinion of the jury there is no evidence to control it, it is their duty to convict if sales enough are proved.

INDICTMENT on *St.* 1855, *c.* 215, § 17, against Alfred Pillsbury and Renton M. Perley, for being common sellers of intoxicating liquors in a building used as a shop.

At the trial in the court of common pleas, before *Aiken,* J. the defendants called the city clerk of Newburyport as a witness, who produced the records of the mayor and aldermen ; and gave in evidence the following record : " Board of Mayor and Aldermen, Monday evening, July 6, 1857. The mayor laid before the board the petition of Alfred Pillsbury and Renton M. Perley to be appointed agents for the sale of spirituous and intoxicating liquors; and Alfred Pillsbury was appointed."

The defendants also put in evidence the following paper, which the city clerk testified was sent to Pillsbury and received by him. " City of Newburyport, July 7th 1857. Mr. Alfred Pillsbury, Sir, You are hereby notified that you have been appointed agent for the sale of spirituous and intoxicating liquors for the ensuing municipal year.

" By order of the Mayor and Aldermen,

" E. Johnson, City Clerk."

There was no other evidence of any appointment or authority to sell; and it was admitted that no other certificate had been given to Pillsbury, and no bond executed by him ; and that the defendants were partners in business in Newburyport.

The defendants requested the court to instruct the jury that if the paper dated July 7th was duly issued by the mayor and aldermen to one of the defendants, and was by him received, the defendants could not be convicted for acts done under such notice until he was notified of the revocation of the appointment mentioned, or until the expiration of the time limited ; that upon the evidence introduced Pillsbury was duly appointed an agent of the city of Newburyport to sell spirituous and intoxicating liquors; that such appointment authorized him to make sales ; that sales made by his partner or clerks in the building where he did business under this appointment, were to be presumed to have been made under the authority of his appointment ; and that if the jury were satisfied that the defendants sold, yet if they were left in reasonable doubt whether the sales were made

by them, or either of them, as agents of the city of Newbury-port duly appointed under the act upon which they were indicted, then the jury must acquit.

The judge declined to give the instructions prayed for; and instructed the jury that the evidence offered by the defendants, as to appointment and authority, was not such compliance with the law as to authorize the defendants, or either of them, to sell, and that they need not trouble themselves upon the question of authority or appointment.

The jury retired, and after some hours' deliberation returned into court for instructions upon the law as to the effect of delivery of spirituous and intoxicating liquors by the defendants; and the judge read to the jury the provision of the *St.* of 1855, *c.* 215, § 34, on this point, and instructed them that it was constitutional; that delivery in a shop was by the statute *prima facie* evidence of a sale, but not conclusive, and might be controlled by other evidence in the case; that it was for the jury to say whether there was any controlling evidence in the case; that if there was no evidence to control such *prima facie* evidence, it was competent for them, and it was their duty, to convict, if sales enough were proved.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*D. Saunders, Jr. & H. G. Johnson,* for the defendants. 1. Pillsbury is shown by the records of the mayor and aldermen to have been appointed an agent of the city to sell intoxicating liquor. The notice issued to him of his appointment is in substance, if not technically, a certificate of authority. The giving of a bond and receiving a certificate required by *St.* 1855, *c.* 215, § 8, are not conditions precedent to executing the authority conferred by appointment under § 5; but only directory; and compliance with these requirements, as with the rules and regulations prescribed by the mayor and aldermen under § 5, is sufficiently secured by the power to remove at pleasure; and this penal statute is to be construed strictly.

2. The instructions as to the effect of the provision of the *St.* of 1855, *c.* 215, § 34, in effect shifted upon the defendant the

purden of proof, which was throughout upon the Commonwealth. *Commonwealth* v. *McKie*, 1 Gray, 61. They undertook to decide as matter of law what amount or weight of evidence was sufficient to convince the minds of jurors, or require them to come to a certain conclusion, which was a question exclusively for them. *Gibson* v. *Hunter*, 2 H. Bl. 297. *Fuller* v. *Rounceville*, 9 Foster, 554. If technically correct, they may well have misled the jury to the prejudice of the defendant, and he should therefore have a new trial. *Commonwealth* v. *Harvey*, 1 Gray 487. *Commonwealth* v. *Putnam*, 4 Gray, 16. *Hopkins* v. *Fowler*, 39 Maine, 568. They would make the section unconstitutional; for so far as it declares an offence, it may stand; but so far as it declares the nature and effect of evidence, it is void. And it undertakes to provide only that such delivery " shall be deemed *prima facie* evidence of a sale, and be punishable as such sale; " not that it shall of itself authorize a conviction for being a common seller.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BIGELOW, J. 1. The defendants failed to show any legal authority to sell intoxicating liquors. The provisions of *St.* 1855, *c.* 215, §§ 5, 8, relating to the appointment of agents by cities and towns for the purchase and sale of such liquors, are to be construed together. Under these provisions, no appointment is complete, and no authority is conferred to make purchases and sales, until a bond has been given by the person appointed to the city or town, and a certificate has been issued to him by the mayor and aldermen or selectmen in pursuance of § 8. This bond and certificate are intended to be conditions precedent, to be complied with by the agent before his authority to act becomes perfect. Any other construction of this part of the statute would be unreasonable. The bond is intended to secure the faithful performance of the duties of the agent, and the strict compliance on his part with the provisions of law and the rules which the mayor and aldermen or selectmen may from time to time prescribe concerning the mode of conducting the business of the agency. This purpose would be defeated if the authority to make sales and purchases were full and complete, imme-

diately on the passage of a vote appointing a person to be an agent. The various acts necessary to create the agent and, clothe him with the requisite authority must necessarily be done *gradatim*. First, the appointment is to be made, then the bond is to be given, and lastly the certificate is to issue; in like manner as in cases of appointment to public office, the act designating or nominating a person for the place is the first step, then the oaths of office are to be taken, and in many cases a bond is to be given, and thereupon and not before the authority to perform the duties of the office is vested in the appointee. The notice given to the defendant Pillsbury by the clerk of the city was only an announcement of his appointment to the agency, for the purpose of enabling him to take the necessary steps to procure the bond and receive the regular certificate of his appointment. But it contains none of the requisites of such certificate according to the provisions of § 8. On this part of the case, therefore, the instructions were clearly right, and all questions concerning the revocation of the appointment became wholly immaterial.

2. The instructions to the jury concerning the effect of a delivery of intoxicating liquors, as constituting *prima facie* evidence of a sale, were in conformity to the provisions of the statute on this point, which establishes the same rule "in all cases under this act," and which has already been decided to be a constitutional and valid enactment. *Commonwealth* v. *Williams* 6 Gray, 1. *Commonwealth* v. *Wallace*, 7 Gray, 222.

*Exceptions overruled.*